David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 120
Las Vegas, NV 89149
Ph.:    1-702-463-7777
Fax:    1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for the Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 14-12523-ABL |
| PATRICK M. DINIZIO, | ) Chapter 11 |
| Debtor in Possession. | ) |

# FIRST AMENDED PLAN OF REORGANIZATION FOR PATRICK M. DINIZIO

    The Debtor, Patrick M. DiNizio (herein "Debtor in Possession" and/ or "Debtor"), proposes the following First Amended Plan of Reorganization (herein "Plan").

## BRIEF SUMMARY OF PLAN

    The Plan, as proposed by the Debtor, is based on: (1) re-amortizing and rescheduling secured debt on first mortgage of an investment property, based on the actual value of the property; (2) re-amortizing and rescheduling secured debts relating to a vehicle and the Internal Revenue Service; (4) satisfaction in full of any administrative expenses or priority debts, claims or expenses; and (5) a possible partial payment to unsecured creditors based on any Rights under Code Section 1129(a)(15), administrative claims and available monies pursuant to cash flow analysis.

# ARTICLE I
# DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM:** A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM:** A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof. Certain claims not listed in the Debtor's bankruptcy schedules as disputed, contingent, or un-liquidated as to amounts may be objected to by the Debtor because of a change in circumstances or because of additional information made available to the Debtor or his counsel. All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**BANKRUPTCY CODE:** Title 11, United States Code.

**BANKRUPTCY COURT:** The United States Bankruptcy Court for the District of Nevada, the Honorable August B. Landis, Judge, acting in this case.

**CHAPTER 11:** Chapter 11, Title 11, United States Code.

**CLAIM:** Any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, secured or unsecured.

**CLASS:** Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Debtor's Plan of Reorganization is entered by the Bankruptcy Court for the District of Nevada.

**COURT:** Court shall mean the United States Bankruptcy Court for the District of Nevada, including the United States Bankruptcy Judge presiding in the Bankruptcy Case of the Debtor.

**CREDITOR:** Holder of a Claim against the Debtor.

**DATE OF THE PETITION:**  April 13, 2014.

**DEBTOR:**  Patrick M. DiNizio.

**EFFECTIVE DATE:** The first day of the first calendar month following the expiration of 15 days after entry of an order of the Bankruptcy Court of the District of Nevada confirming this Plan.

**INVESTMENT PROPERTY:** All real property owned by the Debtor, including any property that may have been Debtor's residence at one time but not at the time of confirmation of this Plan.

**IRS:** Internal Revenue Service.

**PLAN RATE:** Shall mean an interest rate on an Allowed Claim that is simple interest on the principal sum due at the rate of four and a half percent (4.5%) per annum.  This rate shall be applied unless otherwise noted.

**PROPERTY:** The term will be used only within the context of a clear referential indication of a particular piece of real estate.

**PRO RATA:** With respect to any holder of an unsecured proof of claim, the manner of payment in which any particular creditor holding an unsecured claim shall be paid the same proportion that the amount of such claim bears to the aggregate amount of the claims in the particular Class.

**PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority under §507(a) of the Bankruptcy Code other than Priority Tax Claims and Administrative Expense Claims.

**REORGANIZATION CASE:** The case of reorganization of the Debtor commenced by voluntary petition under Chapter 11 on April 13, 2014, and now pending in the Bankruptcy Court as case no. 14-12523-ABL.

**RIGHTS UNDER CODE SECTION 1129(a)(15):** The rights of a party to object to, and/or elect to forego, proposed plan treatment with the result being an adjustment to proposed distributions to general unsecured claims, with that adjustment being, among other alternatives, distributions being waived.

**RULES:** The Federal Rules of Bankruptcy Procedure, as amended, and the Local Rules of Bankruptcy Procedure as adopted by the Bankruptcy Court.

**SECURED CLAIMS:** An allowed claim of a creditor, secured by a lien on property of the Debtor, which claim existed on the date of the filing of the petition or which was authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater than the value of the Debtor's property on which the Bankruptcy Court finds a valid security interest for such claim is held.

# ARTICLE II
## CLASSIFICATION AND TREATMENT OF CLAIMS WITH RIGHTS TO VOTE, AND DESIGNATION AS TO IMPAIRMENT

ALL CLAIMS ARE SUBJECT TO BEING OBJECTED TO.  THE DEBTOR RESERVES THE RIGHT TO REQUEST THAT ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS, OR OTHER LITIGATION.

For the purposes of this Plan of Reorganization the creditors of the Debtor shall be classified into the following four categories, all of which are impaired:

**CLASS ONE – NATIONSTAR MORTGAGE LLC First Mortgage Claim (POC No. 5) against** *2027 Westfield Avenue, Scotch Plains, New Jersey* **–** Pursuant to Stipulation, which is fully incorporated into this Plan by reference, this first mortgage holder's claim shall be re-amortized and rescheduled based on a property value, and therefore the amount due under the re-amortized schedule, of $243,000. The interest rate shall be 5.25 percent over a 30 year fixed schedule. Monthly principal and interest payments of **$1,341.85** shall begin on the Effective Date of the Plan and shall continue for a total term of 360 months. In addition to the monthly principal and interest payment outlined above, the Debtor shall maintain an escrow account in connection to the loan for the purpose of property taxes and hazard insurance, with the monthly escrow payment amount being subject to change as escrow needs are reanalyzed by the first mortgage holder over the remaining life of the loan.

**CLASS TWO —LEN FICO Secured Claim (No POC) against** *2013 Kia Soul vehicle* **–** This claim, secured by a 2013 Kia Soul vehicle in the amount of $8,000.00, shall be satisfied through monthly payments in the amount of **$150.97,** commencing on the Effective Date of the Plan and continuing for a total term of 60 months.

**CLASS THREE — INTERNAL REVENUE SERVICE Secured Claim (POC No. 1)** – The secured and priority portions of the Internal Revenue Service's claim, as to be adjusted as necessary, shall be satisfied through monthly payments of **$498.40,** commencing on the Effective Date of the Plan and continuing for a total term of 60 consecutive months, with any remaining balance, based upon an initial balance of $494,427.47, due and payable in full no later than the final month.

**CLASS FOUR – GENERAL UNSECURED CREDITORS -** All unsecured creditors having filed proofs of claims that are not disputed, contingent or un-liquidated, may be paid, pro rata, **$100.00** a month commencing on the Effective Date of the Plan, and continuing for 60 months or complete satisfaction of all valid claims, whichever is earlier, subject to Rights under Code Section 1129(a)(15) and any administrative expense rights.

### ARTICLE III
### TREATMENT OF UNCLASSIFIED CLAIMS WITHOUT RIGHTS TO VOTE

**UNCLASSIFIED CLAIMANTS - ADMINISTRATIVE EXPENSE CLAIMS** -- These claimants shall be comprised of the quarterly fees due to the United States Trustee and any fees and costs for Professionals. The claims of the United States Trustee shall be paid in full on or before 30 days after the Effective Date of the Plan. The claims of Professionals shall be paid upon approval of the Court, and may be paid, upon the request of the Professional, from monies otherwise distributed by the Disbursement Agent.

**UNCLASSIFIED CLAIMANT – MARY KLEIHEGE Priority Domestic Support Obligations Claim –** This priority claim, in the amount of $260,247.00, shall be satisfied through continued monthly payments of **$1,233.00** until paid in full.

## ARTICLE IV
## IMPLEMENTATION OF PLAN DISBURSEMENTS

The Debtor may retain a disbursement agent (the "Disbursement Agent"). Except as otherwise provided in this Plan, upon confirmation, the Debtor may begin making monthly payments of **$100.00** to a Disbursement Agent, if one is utilized. A Disbursement Agent, or the Debtor, may begin, as soon as practical, making pro rata payments to the Debtor's unsecured creditors holding allowed claims on a quarterly basis, until such claims are paid as set forth in the Plan, and as possibly adjusted by administrative expenses and Rights under Code Section 1129(a)(15).

## ARTICLE V
## DISCHARGE OF DEBTOR AND EFFECT OF CONFIRMATION

Unless after notice and a hearing, and the Court orders otherwise for cause, confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan.

## ARTICLE VI
## EVENTS OF DEFAULT

**EVENTS OF DEFAULT:** The occurrence of any of the following shall constitute an event of default under the Plan.

**(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the Debtor to pay fully any distribution to be made under the Plan, which failure remains uncured for a period of sixty (60) days after notice of such prospective default;

**(b) FAILURE TO PERFORM NEGATIVE COVENANTS:** Failure on the part of the Debtor to perform or observe any negative term or provision as set forth in Article IV of the Plan, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:** Failure on

the part of the Debtor to perform or observe any other term or provision of the Plan other than those set forth in Paragraphs (a) and (b) above of this section, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtor shall generally not pay its debts as they become due or shall admit in writing its inability to pay its debts, or shall make a general assignment for the benefit of creditors; or Debtor shall commence any case proceeding or other actions seeking to have an order for relief entered on its behalf as Debtor or to adjudicate itself as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or composition of any of its debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of Debtor or seeking appointment of a receiver, trustee, custodian or other similar official for its or for any substantial part of its property;

**(e) INVOLUNTARY BANKRUPTCY CASES:** Any case, proceeding or other action against Debtor shall commence seeking to have an order for relief entered against it as Debtor or to adjudicate it as bankrupt or insolvent, or composition of its debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of Debtor, or seeking appointment of receiver, trustee, custodian or other official for them or for all or any substantial part of their property, and in such case, proceeding or other action (i) results in such an adjudication, the entry of such an order for relief or such appointment, which is not fully stated, (ii) shall not be contested by Debtor through appropriate proceedings procedures within twenty (20) days of commencement thereof or shall be acquiesced in by Debtor, or (iii) shall remain un-dismissed for a period of One Hundred Eighty (180) days.

**(f) EFFECT OF DEFAULT:** A default of any particular provision of this Plan shall not be considered a default of the entire plan but only, and specifically, a default as it relates to that particular creditor; and the curing of any default shall be based, under any and all circumstances, and notwithstanding any other provisions of this Plan or any other document, and through all remedial activities of the creditor, on the restructured

novated liability.

## ARTICLE VII
## RETENTION OF JURISDICTION

The jurisdiction of the Bankruptcy Court shall not be limited by this Plan. Said jurisdiction will be deemed to include, though not necessarily limited to, jurisdiction to hear and determine all claims against the Debtor or the bankruptcy estate and to enforce all causes of action that may be owned by the Debtor or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the Debtor or other interested party.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

Objections to Claims must be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made on or before sixty (60) days after the Effective Date.

Notwithstanding any other provision of this Plan, Distributions shall not be made with respect to Disputed Claims unless such Disputed Claim has been resolved and such Disputed Claim has become an Allowed Claim no later than 6 months after the Effective Date of the Plan.

Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim on account of which a proof of claim is required by Bankruptcy Rule 3003(c)(2) and which is filed after the Bar Date shall be deemed disallowed. The holder of a Claim which is disallowed shall not receive any Distribution on account of such Claim.

/ / / /

/ / / /

/ / / /

/ / / /

## ARTICLE IX
## PROVISIONS FOR ASSUMPTION OF EXECUTORY CONTRACTS

All contracts which exist between Debtor and any individual entity whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of this Court are hereby specifically assumed.

## ARTICLE X
## MISCELLANEOUS

**1. HEADINGS:** The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

**2. NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to 1-888-306-7517, by e-mail to RiggiLaw@gmail.com, and mailed by registered or certified mail, return receipt requested:

A. If to the Debtor, before the case is closed, to: Patrick M. DiNizio, 2027 Westfield Avenue, Scotch Plains, NJ 07076; and David A. Riggi, Esq., 5550 Painted Mirage Road, Suite 120, Las Vegas, NV 89149;

B. If to the Debtor, after the case is closed, to: Patrick M. DiNizio, 2027 Westfield Avenue, Scotch Plains, NJ 07076;

C. If to a holder of an allowed claim or allowed interest, at the address set forth in its allowed Proof of Claim or proof of interest or, if none, at its address set forth in the schedule prepared and filed with the Court; and,

D. Notice to the Debtor shall be deemed given when received. Notice to any holder shall be deemed given when delivered or mailed. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person or entity to be charged with the knowledge of such change.

**3. RESERVATION OF RIGHTS:** Neither the filing of this Plan nor the Disclosure Statement, nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) Shall be or be deemed an admission against interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against the Debtor or any of its properties specifically reserved. In the event substantial consummation of the Plan does not occur, neither this Plan nor any statement contained herein or in the Disclosure Statement, may be used or relief upon in any manner in any suit, action, proceeding or controversy within or outside of the Reorganization Case involving Debtor.

**4. PAYMENT OF STATUTORY FEES:** All fees payable pursuant to § 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

**5. GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada.

**6. SUCCESSORS AND ASSIGNS:** The rights and obligations of any person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

**7. SEVERABILITY:** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable

law, the Proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

**8. PRESERVATION OF RIGHTS.** Notwithstanding any provisions of this Plan, the Debtor specifically preserves its respective rights to object, complain against, or otherwise affect the claims that are part of this Plan.  Debtor must commence the exercise of its rights no later than 120 days after the Effective Date of the Plan.

Dated this 9th day of September, 2015.

Respectfully submitted,

| | |
|---|---|
| */s/ Patrick M. DiNizio* | */s/ David A. Riggi* |
| Patrick M. DiNizio | David A. Riggi, Esq. |
| Debtor in Possession | Attorney for the Debtor in Possession |